IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK-ALONZO WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-cv-01233 |
| | ) | |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| JOHN E. WETZEL, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Presently before the Court are the Motions to Appeal and objections filed by Mark-Alonzo Williams ("Plaintiff") pursuant to Local Civil Rule 72.C.2. (Docket Nos. 137, 168, 171, 177). Among the myriad allegations contained therein, Plaintiff presents three primary requests for relief: (1) that this Court overturn the decision of United States Magistrate Judge Lisa Pupo Lenihan denying Plaintiff's motion for a preliminary injunction/temporary restraining order, and transfer Plaintiff out of SCI-Forest to another correctional facility; (2) that this Court overturn the decision of Magistrate Judge Lenihan denying preservation of certain documentary and video footage from SCI-Forest; and (3) that Magistrate Judge Lenihan recuse from further proceedings in this case.

As an initial matter, Plaintiff provided notice to the Court on July 6, 2017, that he had recently been transferred from SCI-Forest to SCI-Camp Hill. (Docket No. 205). Accordingly, to the extent that any of Plaintiff's Motions for Appeal seek transfer or other action pertaining to the conditions of Plaintiff's custody at SCI-Forest, said Motions shall be denied as moot. *See Oparaji v. N.E. Auto-Marine Terminal*, 437 F.App'x 190, 192 n. 1 (3d Cir. 2011) ("A motion is moot when a court is unable to fashion any form of meaningful relief.").

With respect to Plaintiff's insistence that the Court overturn Magistrate Judge Lenihan's denial of Plaintiff's requests for preservation of the SCI-Forest "DC-121 Incident Report," as well as video footage from January 11 and April 30, 2017, the Court observes that none of these appear to be relevant to the underlying claims in this case, all of which are asserted against Defendants as a function of their employment at SCI-Fayette. (Docket No. 99 at 3 – 5). The DC-121 Incident Report and video footage pertain only to the activities of SCI-Forest staff, and do not, therefore, appear to merit an order for preservation at this time. *See Capricorn Power Co., Inc. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433 – 34 (W.D. Pa. 2004) (Enumerating three factors to consider when determining whether or not to issue an order preserving evidence: (1) the court's level of concern for maintenance of evidence in question; (2) irreparable harm likely to result absent such an order; and (3) the ability of the parties to preserve the evidence in question). Additionally, the issue of preservation of the DC-121 Incident Report is not properly before this Court, because there is no indication that it was previously raised with Magistrate Judge Lenihan. *See Polsky v. United States*, 844 F.3d 170, 174 n. 5 (3d Cir. 2016) (Noting that issues raised for the first time on appeal will not be considered). Finally, Plaintiff was ordered to seek preservation of the video footage in question through established administrative avenues at SCI-Forest before seeking leave of court. (Docket No. 173). Plaintiff has provided no evidence that he attempted to avail himself of any such administrative process. *See Escobedo v. Oddo*, 2016 WL 6948294, at *3 (M.D. Pa. Nov. 28, 2016) (finding failure to exhaust administrative remedies, in part, because the plaintiff failed to properly seek preservation of video footage of a prison incident). The Court shall deny Plaintiff's Motions to the extent that he asks this Court to overturn the rulings of Magistrate Judge Lenihan as to the Incident Report and video footage, and/or enter an order to preserve same.

In terms of Plaintiff's request that Magistrate Judge Lenihan recuse from the instant case, the Court notes that federal judges must recuse if:

> a party timely files a sufficient affidavit, setting forth factual statements showing the judge has personal bias or prejudice against a party. 28 U.S.C. § 144. An affidavit that puts forth conclusory statements and opinions, however, is insufficient and does not require recusal under § 144. *Hill v. Carpenter*, 323 Fed.Appx. 167, 170 (3d Cir. 2009). Section 455 applies regardless of whether a party files a formal motion and affidavit for recusal, and requires recusal when a judge's impartiality "might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).
>
> The test for recusal is an objective one and requires recusal where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). The bias required before recusal is warranted under either § 144 or § 455 "must stem from an extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 544, 554, (1994). Moreover, the Court of Appeals for the Third Circuit has made it clear that "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). The Circuit reinforced the point that disqualification and recusal should not be methods of "judge shop[ping]." *In re Earl A. Pondexter*, 2013 WL 5229973, at *1 (3d Cir. Sept. 18, 2013). In order to establish the level of bias necessary to require recusal, facts that arise during the course of litigation are usually insufficient. Further, "opinions formed by a judge on the basis of events occurring in the course of prior proceedings do not constitute a basis for a bias motion under 28 U.S.C. §§ 144, 455(a) and 455(b)(1), unless they display a deep-seated antagonism that would make fair judgment impossible." *Atwell v. Schweiker*, 274 Fed.Appx. 116, 117 (3d Cir. 2007).

*N'Jai v. Bentz*, 2016 WL 3261892, at *2 (W.D. Pa. June 14, 2016) (Fischer, J.). Plaintiff's wholly unsubstantiated accusations regarding Magistrate Judge Lenihan's conduct and relationships with other parties to the case are conclusory and insufficient to meet the standard for recusal. The Court will, therefore, deny Plaintiff's Motions to the extent that recusal is sought.

AND NOW, this 10th day of July, 2017, upon consideration of the Motions and responsive briefing by the parties, and having found no basis upon which to grant Plaintiff the relief sought,

IT IS HEREBY ORDERED that Plaintiff's Motions to Appeal and objections (Docket Nos. 137, 168, 171, 177) are DENIED.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.

Mark-Alonzo Williams
FL 2923
SCI Camp Hill
P.O. Box 8837
Camp Hill, PA 17001
(via regular mail)