# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MARK-ALONZO WILLIAMS, | ) | |
|---|---|---|
| | ) | Civil Action No. 16 – 1233 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| JOHN E. WETZEL, *et al*. | ) | |
| | ) | ECF No. 120 |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the following reasons, it is respectfully recommended that the Motion to Dismiss for Failure to State a Claim filed by Defendant Peter Saavedra (ECF No. 120), which has been converted into a Motion for Summary Judgment on the sole issue of exhaustion (ECF No. 122), be granted for Plaintiff's failure to exhaust his administrative remedies. It is therefore recommended that Plaintiff's claims against Defendant Peter Saavedra be dismissed with prejudice.

### II. REPORT

Plaintiff, Mark-Alonzo Williams, is a *pro se* inmate currently incarcerated at the State Correctional Institution at Camp Hill. He instituted the instant prisoner civil rights action with the filing of a Motion for Leave to Proceed *in forma pauperis* on August 15, 2016 (ECF No. 1) and his Complaint was docketed on September 2, 2016 (ECF No. 12). Plaintiff later filed an Amended Complaint (ECF No. 32) and then a Second Amended Complaint (ECF No. 99), which

is the basis for the pending Motion to Dismiss filed by Defendant Peter Saavedra.[1] Plaintiff's Second Amended Complaint is 111 pages in length and it was accompanied by 55 pages of Exhibits. It contains 522 paragraphs of allegations against multiple Defendants, including moving Defendant, Dr. Saavedra.[2] Dr. Saavedra filed a Motion to Dismiss Plaintiff's Second Amended Complaint on March 27, 2017 (ECF No. 120), and on March 29, 2017, the Court issued an Order informing the parties that the Motion would be treated as a Motion for Summary Judgment with respect to the issue of Plaintiff's exhaustion of administrative remedies (ECF No. 122). Plaintiff responded to Dr. Saavedra's Motion on May 19, 2017. (ECF No. 175.) Dr. Saavedra elected to file a reply brief and an Answer to Plaintiff's response on June 5, 2017. (ECF Nos. 196 & 197.) The Motion is now ripe for review.

   A. **Factual Allegations against Dr. Saavedra**

Plaintiff's allegations against Dr. Saavedra begin on page 67 of his Second Amended Complaint and are found under the subsection "'Serious Medical Needs' Meet Deliberate Indifference, and 'Adverse Determinations' on Records Exist in Violation of the Privacy Act at SCI-Fayette." (ECF No. 99, p.67.) The allegations in this section relate to Plaintiff's mental health care at SCI-Fayette from approximately March 2016 to August 2016. In sum, Plaintiff alleges that Dr. Saavedra acted with deliberate indifference to Plaintiff's medical and mental health by (1) increasing Plaintiff's dosage of Celexa despite being told that it was not working and affecting Plaintiff's ability to ejaculate, (ECF No. 99, ¶¶ 334-43, 360-63); (2) failing to get

---

[1] The procedural history of this case is quite lengthy and will only be recounted herein as it relates to the pending Motion to Dismiss filed by Defendant Peter Saavedra.

[2] Plaintiff alleges that Defendant Peter Saavedra is a psychiatrist contracted by the Pennsylvania Department of Corrections. He will therefore be referred to as "Dr. Saavedra." (ECF No. 99, ¶ 12.)

2

Plaintiff out of solitary confinement and placed into a psychiatric observation cell despite being told by Plaintiff that solitary confinement was affecting his cognitive abilities and mental health, (ECF No. 99, ¶¶ 344-52, 381-82); (3) improperly prescribing Benadryl despite knowing that it could cause side effects akin to dementia, (ECF No. 99, ¶¶ 353-63, 380, 383-84); (4) treating Plaintiff while in his cell when other prisoners could overhear and failing to take proper notes of Plaintiff's complaints, (ECF No. 99, ¶¶ 375-79); and by improperly diagnosing Plaintiff with anti-social personality disorder, (ECF No. 99, ¶¶ 391-92).

### B. Exhaustion of Administrative Remedies

As a ground for dismissal, Dr. Saavedra asserts that Plaintiff failed to exhaust his administrative remedies prior to initiating this law suit. As previously noted, this portion of Dr. Saavedra's Motion was converted into a Motion for Summary Judgment, to which Plaintiff responded in opposition.

Through the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress amended 42 U.S.C. § 1997e(a), prohibits prisoners from bringing an action with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law, until such administrative remedies as are available are exhausted. Specifically, the act provides in pertinent part as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion is required under this provision regardless of the type of relief sought and the type of relief available through administrative procedures. *See* Booth v. Churner, 532 U.S. 731, 741 (2001). In addition, the exhaustion requirement applies to all claims relating to prison life which do not implicate the duration of the prisoner's sentence, including those that

3

involve general circumstances as well as particular episodes. *See* Porter v. Nussle, 524 U.S. 516, 532 (2002).

The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjunctive system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seek[] to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Id. at 93 (quoting Porter, 534 U.S. at 525). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Id. at 83; *see also* Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion). Courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal courts. *See*, *e.g.*, Booth v. Churner, 206 F.3d 289 (3d Cir. 2000); Bolla v. Strickland, 304 F. App'x 22 (3d Cir. 2008); Jetter v. Beard, 183 F. App'x 178 (3d Cir. 2006).

Within DC-ADM 804, the Inmate Grievance System Policy, the Pennsylvania Department of Corrections established a three-step Inmate Grievance System to provide inmates with an avenue to seek review of problems that may arise during the course of confinement. Pursuant to DC-ADM 804, after an attempt to resolve any problems informally, an inmate may submit a written grievance to the facility's Grievance Coordinator for initial review. This must occur within fifteen days after the events upon which the claims are based. Within fifteen days

4

of an adverse decision by the Grievance Coordinator, an inmate may then appeal to the Facility Manager of the institution. Within fifteen days of an adverse decision by the Facility Manager, an inmate may file a final appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). An appeal to final review cannot be completed unless an inmate complies with all established procedures. An inmate must exhaust all three levels of review and comply with all procedural requirements of the grievance review process in order to fully exhaust an issue. *See* Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 2000) (outlining Pennsylvania's grievance review process); Ingram v. SCI Camp Hill, No. 08-23, 2010 U.S. Dist. LEXIS 127124, at *21-25 (M.D. Pa. Dec. 1, 2010) (same).

## C. Discussion

In response to Dr. Saavedra's Motion, Plaintiff argues that he did, in fact, file a grievance against Dr. Saavedra for the issues raised in his Second Amended Complaint. In this regard, he cites to Grievance No. 628384, which he filed against Dr. Saavedra on June 2, 2016. (ECF No. 196-1, pp.6-7.) According to Plaintiff's grievance history record that was produced by Dr. Saavedra,[3] it appears as if this particular Grievance was rejected on June 3, 2016, by Rhonda House, the Facility Grievance Coordinator at SCI-Fayette, because Plaintiff failed to submit it within fifteen (15) working days after the events upon which the claims were based and because it addressed different events which cannot be presented in the same grievance. (ECF No. 196-1, p.5.) Even though Plaintiff disagreed with Rhonda House's reasons for rejecting the Grievance (ECF No. 196-1, p.4), he was nonetheless given an opportunity to resubmit the Grievance, which he did on June 7, 2016 (ECF No. 196-1, p.2). However, the Grievance was again rejected but this time for Plaintiff's failure to provide appropriate documentation. (ECF No. 196-1, p.1.) Dr.

---

[3] Counsel for Dr. Saavedra obtained copies of all grievances filed by Plaintiff in June of 2016. (ECF No. 196, ¶ 12.)

Saavedra submits that the Department of Corrections has no record of an appeal of Grievance No. 628384, and, therefore, Plaintiff failed to exhaust his administrative remedies as to all claims against him.

In response, Plaintiff claims that he did, in fact, file an appeal immediately after Grievance No. 628384 was rejected. In support of this argument he cites to a document he attached to his Second Amended Complaint that is specifically used for Inmate Appeals to Final Review but which he claims to have used to appeal the rejection of Grievance No. 628384 to the Superintendent. (ECF No. 99-4, p.7.) Plaintiff states that this was his Facility Manager level appeal that he filed with Superintendent Lane on June 8, 2016. (ECF No. 97-5, pp.8-9.) He maintains that this appeal was never answered, and therefore it was deemed denied after the expiration of six months pursuant to the "deeming provision" of 28 U.S.C. § 2675(a). Id.

First, Dr. Saavedra points out that unlike the other grievance documents attached to Plaintiff's Second Amended Complaint, this document that Plaintiff claims was his Facility Manager Level appeal is not stamped to show that it was filed with SCI-Fayette or any of the grievance appeal offices. (ECF No. 197, pp.4-5.) Furthermore, Dr. Saavedra notes that the Department of Corrections has no record of this grievance appeal ever being submitted. (ECF No. 197, p.5.) Second, the Court notes that the form Plaintiff allegedly utilized for his Facility Manager appeal is used only for appeals to Final Review and therefore did not comply with the Pennsylvania Department of Corrections grievance procedure as is required to properly exhaust administrative remedies. Finally, Plaintiff is incorrect as to the applicability of 28 U.S.C. § 2675, which applies only to claims against the United States brought under the Federal Torts Claims Act. The statute does not apply to the instant matter. As such, the undersigned

recommends that Plaintiff's claims against Dr. Saavedra be dismissed with prejudice for Plaintiff's failure to exhaust his administrative remedies as required by the PLRA.[4]

### III. CONCLUSION

For the aforementioned reasons, it is respectfully recommended that the Motion to Dismiss for Failure to State a Claim filed by Defendant Peter Saavedra (ECF No. 120), which has been converted into a Motion for Summary Judgment on the sole issue of exhaustion (ECF No. 122), be granted for Plaintiff's failure to exhaust his administrative remedies. It is therefore recommended that Plaintiff's claims against Defendant Peter Saavedra be dismissed with prejudice.

Dated: August 15, 2017

Lisa Pupo Lenihan  
United States Magistrate Judge

cc: Mark-Alonzo Williams  
FL 2923  
SCI Camp Hill  
P.O. Box 8837  
Camp Hill, PA  17001

Counsel of record  
(*Via CM/ECF Electronic Mail*)

---

[4] Dr. Saavedra also moves to dismiss Plaintiff's claims of deliberate indifference for his failure to state a claim upon which relief may be granted, but the undersigned expresses no opinion as to the merits of those arguments.