# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK-ALONZO WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-cv-01233 |
| | ) | |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| JOHN E. WETZEL, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This matter comes before the Court on *pro se* Plaintiff Mark-Alonzo Williams' Objections (Docket 246) to the Report & Recommendation ("R&R") of Magistrate Judge Lisa Pupo Lenihan entered on August 15, 2017. (Docket 225). The R&R recommends granting Defendant Peter Saavedra's Motion to Dismiss for Failure to State a Claim, (Docket 120), which has been converted into a Motion for Summary Judgment on the sole issue of exhaustion. (Docket 122). The R&R, therefore, recommends dismissing Defendant Saavedra from this action with prejudice. Service of the R&R was made on all parties. Plaintiff filed timely Objections to the R&R, which were received and docketed on August 31, 2017. (Docket 246).

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *Id.* Upon careful *de novo* review of the Second Amended Complaint, Defendant Saavedra's converted Motion for Summary Judgment on the sole issue of exhaustion, the parties' briefs filed in connection with

1

the Motion, the R&R, and Plaintiff's Objections, the Court concludes that the Objections do not undermine the R&R's recommended disposition.

The R&R succinctly explains the mandatory exhaustion requirement set forth in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), as well as the three-step grievance procedure in DC-ADM 804 of the Pennsylvania Department of Corrections' Inmate Grievance System Policy. The R&R correctly rejected Plaintiff's argument that the grievance procedure was not available to him because of his contention that he never received an answer from his appeal to the Facility Manager at the second step of DC-ADM 804. *See Ross v. Blake*, \_\_ U.S. \_\_, 136 S. Ct. 1850, 1859 (2016) ("[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'"). In reaching this conclusion, the R&R noted, *inter alia*, that the Department of Corrections has no record of this document ever being submitted by Plaintiff. (Docket 225 at 6). Consequently, Plaintiff's bare and generalized assertion in his Objections of "procedural interference" by prison officials regarding his submission of this document, *see* (Docket 246 at ¶ 4), is insufficient to establish that the administrative remedies were not available to him. *See Spearman v. Morris*, 643 Fed. App'x 82, 85 (3d Cir. 2016).[1]

Moreover, even if it is true that the appeal that Plaintiff attached to his Second Amended Complaint was not stamped because it was an original copy and even if prison officials excused Plaintiff from submitting said appeal on the correct form, as Plaintiff contends in his Objections, *see* (Docket 246 at ¶¶ 3, 13-15), the fact remains that Plaintiff did not properly comply with the first step of DC-ADM 804 when he submitted Grievance No. 628384. *See Jones v. Bock*, 549

---

[1] The Court further notes that Plaintiff's Objections are self-contradictory because on the one hand, he claims that he actually filed his appeal at the second step of DC-ADM 804, *see* (Docket 246 at ¶¶ 3-4), but on the other hand, he claims that he was prevented from appealing to the second step because he was not permitted to have a pen, *id.* at ¶¶ 18-19.

2

U.S. 199,218 (2007) ("[I]t is the prison's requirements, and not the PLRA, that define the proper boundaries of proper exhaustion."). As explained in the R&R, this grievance was initially rejected by the Facility Grievance Coordinator on June 3, 2016 because Plaintiff did not submit it within the applicable time limit and because it complained of different events that could not be raised in a single grievance. (Docket 225 at 5). After Plaintiff was allowed to resubmit the grievance, it was rejected a second time on June 7, 2016 because he failed to provide the required documentation. *Id.*

Thus, irrespective of Plaintiff's assertions in his Objections that he did, in fact, file an appeal at the second step of the grievance procedure, he failed to properly comply with the first step. *See Small v. Camden Cty.*, 728 F.3d 265, 273 (3d Cir. 2013) (holding that an inmate's grievances that did not comply with the institution's procedures "could not serve as a basis for satisfying the PLRA's exhaustion requirement"); *Boynes v. Cty. of Lawrence*, 2017 WL 746807, *4 (W.D. Pa. 2017) ("Plaintiff's position that the administrative remedies . . . were not available to him when he did not receive responses to [his improperly submitted] grievances . . . is without merit."). As a result, the R&R correctly determined that Plaintiff's claims under 42 U.S.C. §1983 against Defendant Saavedra are barred by the mandatory exhaustion provision of the PLRA.

Accordingly, IT IS HEREBY ORDERED that Defendant Saavedra's Motion to Dismiss for Failure to State a Claim, (Docket [120]), which has been converted into a Motion for Summary Judgment on the sole issue of Exhaustion, (Docket [122]), is GRANTED and that Defendant Saavedra is hereby dismissed from this action with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Objections (Docket [246]) to the R&R are OVERRULED.

IT IS FURTHER ORDERED that the R&R (Docket [225]) is adopted as the Opinion of the District Court.

/s/ Nora Barry Fischer
Nora Barry Fischer
United States District Judge

Dated: September 8, 2017.

cc/ecf: All counsel of record.

       Mark-Alonzo Williams
       FL 2923
       SCI Camp Hill
       P.O. Box 8837
       Camp Hill, PA 17001
       (via regular mail)