# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK-ALONZO WILLIAMS,<br><br>      Plaintiff,<br><br>    v.<br><br>MR. ERIC ARMEL, DEPUTY WARDEN; MR. KEITH GRAFT, CORRECTIONS OFFICER (ONE); MR. WESLEY TIFT, CAPTAIN; MS RHONDA HOUSE, GRIEVANCE COORDINATOR; WILLIAM LOWDEN, LIEUTENANT; MR. JAMES C. BARNACLE, DIRECTOR; JOHN E. WETZEL, SECRETARY; AND JAY LANE, SUPERINTENDENT,<br><br>      Defendants. | Civil Action No. 16-1233<br><br>District Judge Nora Barry Fischer<br>Magistrate Judge Lisa Pupo Lenihan |

## MEMORANDUM ORDER

This matter comes before the Court on *pro se* Plaintiff Mark-Alonzo Williams' Objections (Docket 293) to the Report & Recommendation ("R&R") of Magistrate Judge Lisa Pupo Lenihan entered on December 28, 2017. (Docket 288). The R&R recommends granting the above-captioned Defendant's Motion to Dismiss for Failure to State a Claim and denying Plaintiff leave to file a Third Amended Complaint. (Docket No. 146).[1] Service of the R&R was made on all parties. On February 13, 2018, the Court received Plaintiff's timely Objections to the R&R, which total thirty-four pages. (Docket 293).[2] Therein, Plaintiff concedes that the R&R properly

---

[1] The Court previously dismissed Defendant Peter Saavedra from this case on September 8, 2017 because Plaintiff failed to exhaust his administrative remedies against him, and subsequently denied Plaintiff's motions for reconsideration relating to same. (Docket Nos. 225, 250, 258, 264).

[2] Although Plaintiff also labels this document as a Motion for Reconsideration of the R&R, it is properly evaluated as being Objections under the *de novo* standard of review set forth in 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72 (b). In any event, Plaintiff fails demonstrate a valid basis for reconsideration of the R&R, as he identifies no intervening change in the law or new evidence that was no available when the R&R was issued, and likewise fails to point to a clear error of law which must

1

recommended dismissal of his "Fourteenth Amendment Deprivation of Due Process Claim" against Defendant Lane; "Fourteenth Amendment Deprivations Inflicted by All Defendants [Claims]"; and "Deprivation of Personal Property [Claim(s)]." (*Id.* at pp. 31-32) (punctuation in original). But, he objects to her recommendation that the Court dismiss his First Amendment retaliation claims; his Eighth Amendment claims for sexual harassment, conditions of confinement, and denial of adequate medical care; and his Fourteenth Amendment Due Process and Equal Protection claims against Defendant House. (*Id.* at pp. 2-31). In doing so, Plaintiff lodges a series of disrespectful and meritless accusations against Judge Lenihan, including that she purposely used "deceitful rhetoric" in her R&R in order "to manipulate the District Judge," "bolster her agenda," and obtain a "well-crafted basis for dismissal irregardless [sic] of the merits." (*See, e.g., id.* at ¶¶ 19-34, 40).

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *Id.* Upon careful *de novo* review of the Second Amended Complaint, Defendants' Motion to Dismiss, the parties' briefs filed in connection with the Motion, the R&R, and Plaintiff's Objections, the Court concludes that the Objections do not undermine the R&R's recommended disposition. Accordingly, the Court enters the following Order:

AND NOW, this 14th day of February, 2018,

IT IS HEREBY ORDERED that Plaintiff's Objections to the R&R (Docket No. [293]) are OVERRULED, and the R&R (Docket No. [288]) is ADOPTED as the Opinion of the Court.

---

be rectified in order to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

IT IS FURTHER ORDERED that the above-captioned Defendants' Motion to Dismiss for Failure to State a Claim (Docket [146]) is GRANTED, and Plaintiff's claims against Defendants in his Second Amended Complaint (Docket No. [99]) are DISMISSED, WITH PREJUDICE, for the reasons set forth in the R&R.

IT IS FURTHER ORDERED that the Clerk shall mark this case CLOSED.

<i>/s/ Nora Barry Fischer</i><br>
Nora Barry Fischer<br>
United States District Judge

cc/ecf: All counsel of record.

    Mark-Alonzo Williams
    FL 2923
    SCI Camp Hill
    P.O. Box 8837
    Camp Hill, PA 17001
    (via regular mail)